IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-03185-CMA-KLM

DANIEL SCOTT BENNETT, and
JAMES ERIC HAGEN,

    Plaintiffs,

v.

WELLS FARGO HOME MORTGAGE, d/b/a America's Servicing Company, a division of Wells Fargo Bank, N.A. Corporation,

    Defendant.
_____

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Motion to Amend Complaint** [#23][1] (the "Motion"). Defendant filed a Response [#30] in opposition to the Motion [#23], and Plaintiffs filed a Reply [#31]. The Court has reviewed the Motion, Response, Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, it is respectfully recommended that the Motion [#23] be **GRANTED in part**, and **DENIED without prejudice in part**.

In short, this case involves alleged misconduct by Defendant "related to Plaintiff[s'] mortgage, its servicing, loan modification, and the attempted foreclosure of their home." *Compl.* [#4] at 1. In the proposed Amended Complaint [#23-1], Plaintiffs seek to add a

---

[1] "[#23]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

-1-

claim for forced-place insurance, and a claim for exemplary damages. Defendant opposes amendment with respect to both claims. *Response* [#30]. As an initial matter, the Scheduling Order [#20] governing this case provides that the deadline for joinder of parties and amendment of pleadings was April 8, 2017. *Scheduling Order* [#20] at 9 § 9(a). Accordingly, Plaintiffs' Motion [#23] is timely.

## I. Standards

The Court has discretion to grant a party leave to amend its pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Id.* (quoting Fed. R. Civ. P. 15(a)(2)).

An amendment is futile only if it would not survive a motion to dismiss. *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citing *Jefferson Cnty. Sch. Dist. v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999)). "In ascertaining whether plaintiff[s'] proposed amended complaint is likely to survive a motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff[s], and the allegations in the complaint must be accepted as true." *See Murray v. Sevier*, 156 F.R.D. 235, 238 (D. Kan. 1994). Moreover, "[a]ny ambiguities must be resolved in favor of plaintiff[s], giving [them] 'the benefit of every reasonable inference' drawn from the 'well-pleaded' facts and allegations in [the] complaint." *Id.*

## II. Analysis

### A. Forced Place Insurance

Plaintiffs seek to add this claim on the grounds that Defendant "placed high-priced insurance on the [Plaintiffs] without a reasonable basis to believe that the Property was uninsured by either asking or noticing the Plaintiffs," and that Plaintiffs have paid a higher price for insurance as a result. *Proposed Am. Compl.* [#23-1] at 12. Defendant contends that Plaintiffs' forced place insurance claim is futile because Plaintiffs have not pled the date when Defendant placed them in "high-priced insurance," or what amount Plaintiffs were assessed for it. *Motion* [#30] at 3. Defendant further contends that Plaintiffs were required to plead these facts pursuant to Fed. R. Civ. P. 8(a) to support a cause of action, and that Wells Fargo's accounting records reveal that Plaintiffs' claim will likely be time-barred. *Id.* Defendant also argues that "Plaintiffs were members of a settlement class resolving forced place[ ] insurance claims like this one." *Id.*

The Court finds that it is not clear at this juncture that Plaintiffs' new forced place insurance claim would be futile either for failure to comply with Rule 8, or because it is barred by the statute of limitations. Nothing in Rule 8 requires that Plaintiffs allege precisely when they were placed in "high-priced insurance," or what they were required to pay. *See* Fed. R. Civ. P. 8(a) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Additionally, further factual development is required to determine whether the statute of limitations applies in this case. Lastly, with respect to Defendant's argument that Plaintiffs were part of a settlement class and that their claim is therefore barred by the doctrine of *res judicata*, Plaintiffs deny that they have been involved in any such settlement. *Response* [#31] at 3-4. At this stage, it is simply not appropriate for the Court to weigh the facts and evidence to resolve any disputes between the parties.

*See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999); *Foman*, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). The Court's sole function now is to determine whether Plaintiffs have provided a plausible basis for liability if their version of the facts is assumed to be true. After reviewing the proposed Amended Complaint [#23-1], the Court finds that Plaintiffs have provided the necessary plausible basis with respect to their forced place insurance claim.

**B.      Exemplary Damages**

Plaintiffs seek to add a claim for exemplary damages on the grounds that Defendant failed to "substantively reply to Plaintiffs' written enquiries within strict timeframes," which amounted to willful and wanton conduct due to the "volume of non-compliance." *Proposed Am. Compl.* [323-1] at 12. Defendant argues that Plaintiffs lack any basis for exemplary damages because Plaintiffs have failed to "identify even a single inquiry to which [Defendant] failed to respond, or even a single response of [Defendant's] that was late or otherwise failed to comply with the law that could possibly support the requisite elements of exemplary damages." *Response* [#30] at 5.

Colo. Rev. Stat. § 13–21–102(1.5)(a) provides, in relevant part:

A claim for exemplary damages in an action governed by this section may not be included in any initial claim for relief. A claim for exemplary damages in an action governed by this section may be allowed by amendment to the pleadings only after the exchange of initial disclosures pursuant to rule 26 of the Colorado rules of civil procedure and the plaintiff establishes prima facie proof of a triable issue.

In order to obtain exemplary damages, a plaintiff must prove that "the injury complained of

is attended by circumstances of fraud, malice, or willful and wanton conduct." Colo. Rev. Stat. § 13-21-102(1)(a). Pursuant to the statute, willful and wanton conduct "means conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly the plaintiff." Colo. Rev. Stat. § 13-21-102(1)(b).

The appropriate test is whether Plaintiffs have provided prima facie evidence of willful and wanton behavior. *See, e.g.*, *Am. Econ. Ins. Co. v. William Schoolcraft*, No. 05-cv-01870-LTB-BNB, 2007 WL 160951, at *4 (D. Colo. Jan. 17, 2007) (emphasizing that in resolving request to amend pursuant to Colo. Rev. Stat. § 13–21–102, court should consider only the "preliminary question" of whether the moving party made a prima facie case, not whether any party will ultimately be entitled to those damages). Prima facie proof of a triable issue of exemplary damages is established by "a showing of a reasonable likelihood that the issue will ultimately be submitted to the jury for resolution." *Id.*; *cf.* Colo. Rev. Stat. § 13–25–127(2) ("Exemplary damages against the party against whom the claim is asserted shall only be awarded in a civil action when the party asserting the claim proves beyond a reasonable doubt the commission of a wrong under the circumstances set forth in section 13–21–102."). "Prima facie evidence is evidence that, unless rebutted, is sufficient to establish a fact." *Peiker Acustic, Inc. v. Kennedy*, No. 10-cv-02083-REB-MJW, 2011 WL 2550478, at *1 (D. Colo. June 27, 2011) (quoting *Stamp v. Vail Corp.*, 172 P.3d 437, 449 (Colo. 2007)).

In response to Defendant's argument that Plaintiffs do not identify any inquiries to which Defendant failed to respond or timely respond, Plaintiffs state that "a number of examples are attached to Plaintiffs['] complaint." *Reply* [#31] at 7. The "examples" are a

series of letters sent by Plaintiff Daniel Bennett to Defendant asking various questions about the loan. *Letters* [#4] at 12-26. In 2015, Plaintiffs sent letters to Defendant on the following dates: March 27, March 28, March 30, April 1, April 2, April 3, April 7, May 4, May 5, May 7, May 27, June 7, June 8, June 13, June 17. *Id.* The letters each ask questions regarding loan servicing or calculations, or request documents pertaining to the loan. The only fact established by the letters is that Plaintiffs sent multiple inquiries to Defendant. No evidence in the record demonstrates that Defendant failed to respond, or failed to timely respond, to the letters.[2] Thus, the letters alone – the only proof proffered by Plaintiffs – do not show that Defendant's alleged conduct (failing to respond or timely respond) was willful and wanton. Thus, the Court concludes that the evidence is insufficient to establish prima facie proof of a triable issue regarding exemplary damages. *See Am. Econ. Ins. Co.*, 2007 WL 160951, at *4.

### III. Conclusion

For the foregoing reasons,

It is respectfully **RECOMMENDED** that the Motion [#23] be **GRANTED in part**, and **DENIED without prejudice in part**. The Court recommends that the Motion be **granted** to the extent that Plaintiffs seek to add a forced place insurance claim, and that the Motion be **denied without prejudice** to the extent that Plaintiffs seek to assert a claim for exemplary damages.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have

---

[2] Even if Plaintiffs had provided such evidence, the Court notes that they have not cited to any legal authority supporting their position that failure to comply with statutory response deadlines constitutes willful and wanton conduct.

fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: October 18, 2017

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge